UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY DONEL ROBINSON,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>C. CRYER, L. MERRITT,<br><br>　　　　　　　Defendants. | No.  1:20-cv-00622-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>Doc. No. 9 |

　　　　Pending before the Court is Plaintiff's motion for leave to appoint counsel (Doc. No. 9), filed July 31, 2020.  Plaintiff filed this case by initiating an action under 42 U.S.C. § 1983 as a prisoner proceeding *pro se* on July 15, 2020.  *See* Doc. No. 1.  The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* on July 17, 2020.  *See* Doc. No.7.

　　　　Plaintiff seeks appoint of counsel and lists numerous reasons, including, but not limited to that: he is unable to afford counsel, his imprisonment will limit his ability to litigate the case, and a trial will result in conflicting testimony.  *See* Doc. No. 9 at 1-2.

　　　　The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this Court has

discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The Court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, the Court does not find exceptional circumstances warrant appointment of counsel for Plaintiff. Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face. A review of the pleadings filed by Plaintiff further show he can articulate his claims.

Accordingly, it is now **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 9) is **DENIED**.

IT IS SO ORDERED.

Dated:   January 11, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE