1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEFFERY DONELL ROBINSON,                No.  1:20cv980-NONE-HBK

12                    Plaintiff,              FINDINGS AND RECOMMENDATIONS THAT
                                             THIS CASE BE DISMISSED, WITHOUT
13         v.                                PREJUDICE[1]

14    C. CRYER, L. MERRITT,                   OBJECTIONS DUE WITHIN FOURTEEN DAYS

15                    Defendants.

16

17         I.      FACTS AND BACKGROUND

18         Plaintiff Jeffery Donell Robinson is a current or former state prisoner proceeding *pro se*

19   on his civil rights complaint filed under 42 U.S.C. § 1983.  Doc. No. 1.  On December 3, 2020

20   and again on February 9, 2020, mail from the Court delivered to plaintiff at his only address of

21   record was returned as undeliverable.  *See* docket.  Plaintiff's address change was due by

22   February 11, 2020.  As of the date of this Findings and Recommendation, plaintiff has neither

23   filed a notice of change of address nor contacted the court.

24         II.     APPLICABLE LAW

25         This court's Local Rules require litigants to keep the court apprised of their current

26

27   _____
     [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca.
28   2019).

                                          1

1    address, specifically providing:

2    "[a] party appearing *in propria persona s*hall keep the Court and
     opposing parties advised as to his or her current address.  If mail
3    directed to a plaintiff *in propria persona* by the Clerk is returned by
     the U.S. Postal Service, and if such plaintiff fails to notify the Court
4    and opposing parties within sixty-three (63) days thereafter of a
     current address, the Court may dismiss the action without prejudice
5    for failure to prosecute."

6    E.D. Cal. Loc.  R. 183(b) (2019).  Federal Rule of Civil Procedure 41(b) permits the court to

7    involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with

8    other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v.*

9    *Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Local Rule 110 similarly

10   permits the court to impose sanctions on a party who fails to comply with the court's Rules or any

11   order of court.

12        Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the

13   public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3)

14   the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the

15   availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting court

16   that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis

17   added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors

18   and independently reviewing the record because district court did not make finding as to each);

19   *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but

20   noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*,

21   963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did

22   not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of

23   each factor is not required by the district court).

24        II.      ANALYSIS

25        The undersigned considers each of the above-stated factors and concludes dismissal is

26   warranted in this case.  The expeditious resolution of litigation is deemed to be in the public

27   interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir.

28   1999).  Turning to the second factor, the court's need to efficiently manage its docket cannot be

1    overstated.  This court has "one of the heaviest caseloads in the nation," and due to unfilled

2    judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a

3    declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial

4    Emergency in the Eastern District of California.  The court's time is better spent on its other

5    matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial

6    courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and

7    requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J.,

8    concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition

9    where petitioner failed to timely respond to court order and noting "the weight of the docket-

10    managing factor depends upon the size and load of the docket, and those in the best position to

11    know what that is are our beleaguered trial judges.").  Delays inevitably have the inherent risk

12    that evidence will become stale or witnesses' memories will fade or be unavailable and can

13    prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40,

14    57 (1968).  Finally a less drastic remedies in lieu of dismissal, such as, directing plaintiff to

15    submit an updated address, or an order to show cause why the case should not be dismissed for

16    failure to comply with Local Rules would be an act of futility because the order would be

17    returned without delivery.  Additionally, the instant dismissal is a dismissal *withou*t prejudice,

18    which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

19        Two separate orders from the court have been returned as undeliverable.  And contrary to

20    Local Rule 183(b), more than 63 days have passed since mail was returned as undeliverable and

21    plaintiff has not updated his mailing address or otherwise contacted the court.  After considering

22    the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without

23    prejudice, under Fed. R. Civ. P. 41 and Local Rules 110 and 183(b).

24        Accordingly, it is RECOMMENDED:

25        1. This case be dismissed without prejudice.

26        2. The Clerk of Court be directed to terminate any pending motions/deadlines and close

27    this case.

28

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.


Dated:    March 5, 2021    

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE