UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY DONELL ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>C. CRYER, ET. AL. ,<br><br>Defendants. | Case No.  1:20-cv-00980-JLT-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR STATUS REQUEST AND DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No.  38) |

Pending before the Court is Plaintiff's motion for a status of this case and appointment of counsel incorporated within his notice of change.  (Doc. No. 38).  Defendants filed a response stating no opposition to the request for a status update.  (Doc. No. 39).

Regarding Plaintiff's request for an update on the case, the Court issued a screening order on Plaintiff's initial complaint and directed service.  Prior to Defendants filing a response, Plaintiff filed a first amended complaint.  This same day, the Court issued a screening order on Plaintiff's first amended complaint.  (Doc. No. 41).

Turning to Plaintiff's motion to appoint counsel, the United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating

1  the court has authority to appoint counsel for people unable to afford counsel); *see also United*
2  *States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for
3  motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint
4  counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court
5  may consider many factors to determine if exceptional circumstances warrant appointment of
6  counsel including, but not limited to, proof of indigence, the likelihood of success on the merits,
7  and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of
8  the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),
9  *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

10  Plaintiff has not met his "burden of demonstrating exceptional circumstances*.*" *Jones v.*
11  *Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff's indigence does not qualify
12  "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL
13  2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D.
14  Cal. Dec. 10, 2018).   Normal challenges faced by *pro se* litigants do not warrant appointment of
15  counsel.  *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of
16  counsel because the plaintiff's "circumstances were not exceptionally different from the majority
17  of the challenges faced by *pro se* litigants.").  Moreover, while the Court appreciates Plaintiff's
18  efforts to secure counsel, his inability to find counsel is not "a proper factor for the Court to
19  consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at
20  *2 (E.D. Cal. Apr. 20, 2010).  Plaintiff has capably filed motions and both his initial complaint
21  and first amended complaint have stated a cognizable Eight Amendment claim to survive an
22  initial screening.  Plaintiff has not showed exceptional circumstances warrant appointment of
23  counsel at this stage of the proceedings.  Should this case progress and Plaintiff's circumstances
24  change so that he is able to demonstrate exceptional circumstances, he may renew his motion for
25  appointment at counsel at that time.
26  ////
27  ////
28  ////

ACCORDINGLY, it is **ORDERED**:

1. Plaintiff's motion for status update (Doc. No. 38) is GRANTED to extent an update is provided herein.

2. Plaintiff's motion to appoint counsel (Doc. No. 38) is DENIED.

Dated:  June 23, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE