UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY DONELL ROBINSON,<br><br>             Plaintiff,<br><br>      v.<br><br>C. CRYER, ET. AL.,<br><br>             Defendants. | Case No.  1:20-cv-00980-JLT-HBK (PC)<br><br>ORDER REFERRING CASE TO POSTSCREENING ADR AND STAY OF CASE FOR 60 DAYS |

Plaintiff Jeffery Donell Robinson, a state prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on July 15, 2020. (Doc. No. 1). As set forth in the screening order, the Court determined Plaintiff's first amended complaint stated a cognizable Eight Amendment claim for medical deliberate indifference against Defendants Cryer, Meritt and Phui, but no other claims. (Doc. Nos. 41). In response to the screening order, Plaintiff filed a notice electing to proceed on only those claims deemed cognizable by the Court and voluntarily dismissing the other defendants. (Doc. Nos. 43, 44). Defendants C. Cryer, L. Merritt, and K. Phui answered the first amended complaint on September 12, 2022. (Doc. No. 48).

The Court refers all civil rights cases filed by pro se individuals to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270. In appropriate cases, defense counsel from the California Attorney

General's Office have agreed to participate in ADR.  No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter through settlement now would save the parties the time and expense of engaging in discovery and preparing substantive dispositive motions.  The Court therefore will continue a STAY of this action for 60 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference.  The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference.  If, however, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.  If either party opts out or the settlement is unsuccessful the Court will enter a discovery and scheduling order.

Accordingly, it is **ORDERED**:

1. This action will remain **STAYED for 60** days to allow the parties an opportunity to settle their dispute.  No pleadings or motions may be filed in this case during the stay, and the parties shall not engage in formal discovery.

2. **Within 30 days** from the date on this Order, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently achievable.  **If either party objects to a settlement conference the Court will issue a scheduling and discovery order.**

4. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

5. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

6. The Clerk of Court shall serve Deputy Attorney General C. Hay-Mie Cho and Supervising Deputy Attorney General Lawrence Bragg with a copy of Plaintiff's first amended complaint (Doc No. 25), the Court's screening Order (Doc No. 41), and this Order.

7. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

Dated:     September 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE