UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DONNELL ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. CRYER and L. MERRITT,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00980-JLT-HBK (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 56) |

Pending before the Court is Defendants' Motion to Compel Plaintiff's Deposition and Modify the Court's Scheduling Order, filed on March 28, 2023. (Doc. No. 56, "Motion"). In addition to seeking an Order compelling Plaintiff's deposition, Defendants seek a 60-day extension of time to complete discovery, considering Plaintiff's failure to comply with their discovery requests. (*Id*. at 3). Plaintiff, who is a state prisoner proceeding pro se and *in forma pauperis* on his FAC filed pursuant to 42 U.S.C. § 1983, did not respond to the Motion and the time to do so has expired. *See* E.D. Cal. R. 230(l). For the reasons set forth below, the Court grants Defendants' Motion.

## I.  BACKGROUND

**A.  March 28, 2023 Motion to Compel (Doc. No. 56)**

In their March 28, 2023 motion to compel, Defendants seeks to compel Plaintiff to appear for a deposition and to produce certain documents. (Doc. No. 56-1 at 1-2). Defendants set forth the efforts undertaken to obtain Plaintiff's deposition. On February 28, 2023, defense counsel

1

1   served Robinson with a deposition notice and request for production of documents, requesting
2   that he bring the documents with him to the deposition. (*Id*. at 2). The notice advised the
3   deposition would begin at 9:00 a.m. on March 20, 2023, and that all parties would appear
4   remotely. (*Id*.). Because Robinson had been released from prison, defense counsel arranged to
5   have him appear at the court reporter's office closest to his residence. (*Id*.). The notice further
6   stated that Robinson's failure to cooperate in the deposition may result in court-ordered sanctions,
7   including the costs incurred in attending the deposition and attorney's fees. (*Id*.). On March 15,
8   2023, defense counsel sent Robinson a letter by overnight mail to remind him of the address of
9   the location where he needed to appear for the deposition. (*Id*.). On March 16, 2023, defense
10  counsel received an e-mail notification that the letter had been delivered to Robinson. (*Id*.).

11  On March 20, 2023, a court reporter and defense counsel appeared remotely for the
12  deposition, and were prepared to begin at 9:00 a.m. (*Id*.). However, Robinson had not appeared
13  by 9:15 a.m., and defense counsel was unable to contact Robinson because no valid
14  phone number was available for him. (*Id*.). Therefore, defense counsel noted Robinson's
15  absence on the record. (*Id*.).

16  Defense counsel sent a letter to Robinson by overnight mail on March 21, 2023 to notify
17  him that he had missed the deposition and reminded him of the prior notices he had received.
18  (*Id*.). On March 22, 2023, defense counsel received an e-mail notification that the letter had been
19  delivered to Robinson. (*Id*.).

20  **B. Plaintiff's Motion to Modify the Scheduling Order (Doc. No. 56)**

21  Considering Plaintiff's failure to cooperate with Defendants' discovery requests discussed
22  *supra*, Defendants seek an extension of 60 days to complete discovery. (*Id*. at 3).

23  **II. Applicable Law and Analysis**

24  **A. Rule 37 Motions to Compel**

25  The purpose of discovery is to "remove surprise from trial preparation so the parties can
26  obtain evidence necessary to evaluate and resolve their dispute." *United States v. Chapman*
27  *Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of
28  the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Under Rule 37(a)(3)(C), a party may move to compel another party to answer questions at his deposition; if the motion is granted, the movant may be entitled to reimbursement of his reasonable expenses, *see* Fed. R. Civ. P. 37(a)(5)(A). Similarly, under Rule 37(d), a party who fails to attend his deposition may be required to pay the movant's reasonable expenses. A broader range of sanctions, including dismissal of an action, is authorized under Rule 37(b) if a party fails to comply with a court order. *See* Fed. R. Civ. P. 37(b)(1) (failure to abide by court order directing cooperation with deposition may be treated as contempt of court); Fed. R. Civ. P. 37(b)(2)(A) (range of sanctions include dismissal of action in whole or part).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the Court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. *McCoy v. Ramirez*, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); *Ellis v. Cambra*, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

As Defendant correctly states, Defendant has a right to relevant discovery and to take Plaintiff's deposition by oral examination. *See* Fed. R. Civ. P. 26(b)(1), 30(a)(1). Under Federal.

Rule of Civil Procedure 37(a), the Court may order a party who refuses to cooperate with a deposition to appear for the deposition. *See Sali*, 884 F.3d at 1222. Plaintiff has not offered any explanation as to why he failed to appear for his deposition on March 20, 2023. Defendant noticed Plaintiff of his deposition on February 28, 2023 and again on March 15, 2023, thus complying with both the Court's discovery order and Federal Rule of Civil Procedure 30(b)(1). Plaintiff received sufficient notice of the deposition. Plaintiff articulates no valid reason for failing to appear for his properly noticed deposition. For these reasons, Defendants' motion to compel plaintiff's deposition will be granted, subject to proper notice at least fourteen days in advance. (*See* Doc. No. 52 at 2). Plaintiff must appear[1] at his rescheduled deposition and to fully cooperate in answering all questions to the best of his ability. At this time, Defendants do not seek reimbursement of their costs, and given Plaintiff's pro se status and the Court's earlier order granting Plaintiff leave to proceed *in forma pauperis* (Doc. No. 7), the Court does not order fees or costs. *See* Fed. R. Civ. P. 37(a)(5)(iii). However, Plaintiff is advised that further failure to comply with discovery or failure to appear for a properly noticed deposition may result in sanctions. Sanctions may include dismissal of Plaintiff's case in its entirety. Fed. R. Civ. P. 37(b)(2)(A)(v).

**B. Motion to Modify Scheduling Order**

Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time, or its extension expires. Additionally, Federal Rule of Civil Procedure 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the judge's consent.

Here, Defendants filed their motion prior to the discovery deadline and have established good cause to extend the discovery and dispositive deadlines in this case. Accordingly, Defendants' motion is granted. The deadline to conduct discovery is extended to **September 19, 2023**, and the deadline to file dispositive motions is extended to **January 25, 2024**. All other

---

[1] As noted in the Discovery and Scheduling Order, the parties may take any by video conference without further motion or order of the Court. *See* Fed. R. Civ. P. 30(b)(4).

aspects of the Court's October 17, 2022 Discovery and Scheduling Order (Doc. No. 52) shall remain in effect.

Accordingly, it is **ORDERED**:

1. Plaintiff's March 28, 2023 motion to compel (Doc. No. 56) is GRANTED.
2. Plaintiff must appear for his re-noticed deposition and produce the documents identified in the notice. If Plaintiff fails to appear for his re-noticed deposition and/or fails to produce the requested documents, the Court will consider appropriate sanctions, including the dismissal of this action.
3. Plaintiff's March 28, 2023 motion for an extension of time (Doc. No. 56) is GRANTED, as set forth above.

Dated:    May 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE